IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MULGREW, JR., | No. 2:14cv2998-MCE-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| GREEN TREE SERVICING LLC, et al., | |
| Defendants. | |

Plaintiff, proceeding in propria persona, brings this civil action under 28 U.S.C. § 1332.

On May 21, 2015, the court issued an order determining that service of the complaint is appropriate. That order required plaintiff to submit to the United States Marshal, within 15 days of the date of service of the order, a completed summons and copies of the complaint, and file a statement with the court within 20 days that said documents have been submitted. Plaintiff was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. More than 20 days have elapsed and plaintiff has not complied.

/ / /

1       In addition, on May 29, 2015, mail directed to plaintiff was returned by the United
2 States Postal Service as undeliverable.  Pursuant to Eastern District of California Local Rule
3 183(b), any party appearing pro se must file and serve a notice of change of address within 63
4 days of mail being returned.  To date, more than 63 days have elapsed since mail was returned
5 and plaintiff has not notified the court of a change of address.
6       The court must weigh five factors before imposing the harsh sanction of
7 dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
8 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's
9 interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
10 the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
11 their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
12 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
13 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
14 See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
15 appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
16 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
17 comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
18 1260-61 (9th Cir. 1992).
19       Having considered these factors, and in light of plaintiff's failure to prosecute this
20 case as directed and to submit a notice of change of address, the court finds that dismissal of this
21 action is appropriate.
22       Based on the foregoing, the undersigned recommends that this action be
23 dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and
24 orders.
25       These findings and recommendations are submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 21, 2015

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE