1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 TIMOTHY MULGREW, JR.,                    No. 2:14cv2998-MCE-CMK

12          Plaintiff,

13     vs.                                   <u>FINDINGS AND RECOMMENDATION</u>

14 GREEN TREE SERVICING LLC,
   et al.,

15          Defendants.

16 _____/

17          Plaintiff brings this civil action under 28 U.S.C. § 1332.  Pending before the

18 court is defendants' motions to dismiss (Doc. 19).  The hearing on the motion to dismiss was

19 held on September 14, 2016, before the undersigned in Redding, California.  Originally filed as a

20 pro se action, plaintiff filed a notice of representation the day before the hearing.  Attorney

21 Colleen Mulgrew therefore appeared on behalf of plaintiff; Attorney Meagan Tom appeared on

22 behalf of defendant.  The parties agreed on the record for the motion to be heard by the

23 undersigned despite this case now being a counseled case.  Plaintiff was given additional time to

24 submit documentation regarding an alleged re-conveyance of the 2005 Note and Deed of Trust.

25 No additional documentation has been received by the court.

26 / / /

## I. BACKGROUND

Plaintiff filed this action pro se on the basis of diversity jurisdiction, challenging the foreclosure of his property. The complaint raises several claims including negligence, quiet title, slander of title, unjust enrichment, and wrongful foreclosure, and violation of Unfair Competition Law (UCL). Plaintiff seeks to set aside the foreclosure, void the trustee's deed upon sale, void the deed of trust/assignment, void the contract, cancellation of instrument, and declaratory relief.

The underlying facts of the case are a bit obscure. From the complaint, this case involves a house located at 1076 Maple Park Drive in Paradise. Plaintiff claims the prior property owner "RB" purchased the property in 2003, and refinanced it in 2005. RB made the loan payments until 2007. Plaintiff then alleges that in 2007, RB refinanced the loan again but the deed of trust was never recorded. Plaintiff believes RB made payments to Countrywide Mortgage until January 2009, when RB vacated the property and never returned.

In January 2009, after RB vacated the property, plaintiff alleges an adverse party moved in and lived there until June 2012. This adverse possessor paid the property bills and taxes. In June 2012, the prior adverse possessor then transferred the property to Plaintiff who assumed adverse control of the property.

Plaintiff attempts to explain the transfers and substitutions of trustees, but his explanation is oblique, at best. Essentially, he claims that after six and half years after RB stopped paying on the mortgage, a new trustee began the foreclosure process, but without proper notice to plaintiff who deems himself the proper owner. He further claims that the trustee who instituted the foreclosure process was not a proper trustee, as it had not been properly substituted, thus failing to comply with the proper notice requirements.

Plaintiff also alleges, in addition to taking adverse possession of the property, that he actually purchased the property from RB in August 2012. He conducted a title search, and found no documents in the recorder's office indicating a problem with the title. Then in August

2013, plaintiff received notice from Bank of America that RB had not paid on the 2005 note since 2007.  Plaintiff informed Bank of America that the note had been refinanced in 2007 through a local mortgage broker and plaintiff had purchased the property.  The filing for default was then withdrawn.

In 2014, plaintiff received Third Party information that a notice of default had been filed on the 2005 note by Green Tree.  Plaintiff did not receive any information from Green Tree regarding the foreclosure prior to the filing of the notice.  Green Tree was uncooperative in communication with plaintiff. The property was then sold at auction in August 2014 by Green Tree.  He then received a notice of quit in November 2014.

Plaintiff named Green Tree Servicing as defendant to this action.  However, based on the motion to dismiss filed, Green Tree Servicing is now known as DITECH FINANCIAL.

## II.  MOTIONS TO DISMISS

Defendant brings this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff fails to state a claim.  Alternatively, defendant moves for more definite statement of the claims pursuant to Rule 12(e).

In opposition to the motion, plaintiff argues he has alleged sufficient facts to state a claim.

### A.  STANDARDS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50

(2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  "Although a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."  Brazil v. United States Dept of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id.  at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief."  Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see

4

1   Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

2   of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

3   1994).

4           Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

5   amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

6   curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

7           **B. DISCUSSION**

8           1.    Judicial Notice

9           As stated above, in deciding a Rule 12(b)(6) motion, the court may consider

10   documents of which the court takes judicial notice. Both parties have requested the court take

11   judicial notice of different documents. The court may take judicial notice pursuant to Federal

12   Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 547 F.3d

13   943, 955 (9th Cir. 2008).

14           The documents defendant wants the court to take judicial notice are matters of

15   public record. However, they are also documents which are referred to in the complaint, so the

16   court may consider them without taking judicial notice. However, plaintiff requests judicial

17   notice of a credit report of the prior owner of the property. There does not appear to be a basis

18   for taking judicial notice of the report, nor does it appear to be of any use. Therefore, the parties'

19   request for judicial notice is denied.

20           2.    Motion

21           Defendants argue the court should dismiss this action for failure to state a claim.

22   The gravamen of plaintiff's claim is that once the property transferred to plaintiff, either through

23   adverse possession or the grant deed from the prior owner, the lien the defendant had was

24   extinguished. Second, even if the lien was not extinguished, by failing to foreclose within six

25   years of the last payment, defendant is now barred from foreclosing as outside the statute of

26   limitations. The separate claims are discussed below.

      a. Negligence

      Plaintiff alleges the defendants had a duty to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the servicing of the loan. He claims the defendant breached that duty by not timely foreclosing on the note, filing false documents, and foreclosing on the property without legal authority.

      In order to state a claim for negligence, a plaintiff is required to show that the defendant owed the plaintiff a duty of care. See Lueras v. BAC Home Loans Services LP, 221 Cal.App.4th 49, 62-68 (2013). However, a lender has no fiduciary duty to borrowers. See Price v. Wells Fargo Bank, 261 Cal. Rptr. 735, 740 (Cal. Ct. App. 1989). Therefore, even assuming for a moment that plaintiff was able to hold the same position as a borrower, as there is no fiduciary duty owed, plaintiff is unable to state a claim for negligence. However, plaintiff is not the borrower and fails to specify any other possible relationship with the defendant in which the defendant would owe plaintiff a duty of care. To the extent plaintiff argues that defendant had a duty of care based on his status as owner of the property, such an argument must also fail. If a lender has no fiduciary duty to borrowers, with whom they are actually doing business, it cannot be found that the lender has a fiduciary duty to any future potential owner of the property against which they hold a lien.

      In addition, the allegations fail to show how any purported duty was actually breached. As defendant argues, there is no legal support for plaintiff's contention that the foreclosure proceedings were untimely, or that there is a specific time in which a lender must institute the foreclosure proceedings. To the extent plaintiff contends there is a statute of limitations on non-judicial foreclosure proceedings, that contention is not supported by law. See Napue v. Gor-Mey West, Inc., 220 Cal. Rptr. 799, 802-03 (Cal. App. 1985) ("It has long been the rule in California that the statute of limitation provisions are not applicable to a power of sale under a deed of trust. The power of sale endures for as long as the underlying trust purpose survives."). Plaintiff's contention that California Code of Civil Procedure § 336a(2) applies is

1  incorrect. See id. at 803 ("We conclude that the statute of limitation provisions of Part II, Title 2

2  of the Code of Civil Procedure . . . are not applicable to other statutory procedural time limits,

3  such as Civil Code section 2924.").

4         As defendant cites in their reply brief, California Civil Code § 882.020 provides

5  the lien of a deed of trust expires 10 years after the final maturity date or last date fixed for

6  payment if such a date is ascertainable. "The running of the statute of limitations on an

7  obligation underlying a mortgage or deed of trust bars judicial foreclosure as well as an action to

8  enforce the obligation. However, historically the rule has been that time does not outlaw the

9  trustee's power of sale under a deed of trust . . . . The rule that the power of sale in a deed of trust

10  is never outlawed has been tempered by the Marketable Record Title Act (Civ. Code, § 880.020

11  et seq.), which operates like a statute of repose by imposing outside limits on the enforceability

12  of all real property security instruments." Aviel v. Ng, 74 Cal. Rptr. 3d 200, 206 n.4 (Cal. App.

13  2008) (citations omitted).

14         Further, if the defendant filed or recorded false documents, plaintiff fails to allege

15  what those false documents were. Conclusory allegations are insufficient to state a claim.

16         b.    Quiet Title

17         California law provides "An action may be brought . . . to establish title against

18  adverse claims to real or personal property or any interest therein." Cal. Code Civ. Proc. §

19  760.020(a). To state a claim for quiet title, a complaint must include: (a) a description of the

20  property that is the subject of the action; (b) plaintiff's title and the basis for that title; (c) the

21  adverse claims to plaintiff's title; (d) the date as of which the determination is sought; and (e) a

22  prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Code Civ.

23  Proc. § 761.020. A quiet title claim also requires the plaintiff to allege that he or she is the

24  rightful owner of the property in that he or she has satisfied all obligations under the deed of

25  trust. See Kelley v. Mortgage Electronic Registration Systems, Inc., 642 F. Supp. 2d 1048, 1057

26  (N.D. Cal. 2009). This requires a plaintiff to allege that he or she has paid, or tendered payment

of, the full amount due under the mortgage.  See Shimpones v. Stickney, 219 Cal. 637, 649 28 P.2d 673 (1934); see also, United States Cold Storage v. Great Western Sav. & Loan Ass'n, 165 Cal. App. 3d 1214, 1222 (1985) (explaining "the law is long-established that a trustor or his successor must tender the obligation in full as a prerequisite to challenge of the foreclosure sale.").

Plaintiff alleges he is the owner of the property under either of two theories: adverse possession or deed owner.  He claims that when he purchased the property in August 2012, he reviewed the title of the property in the Butte County Recorder's Office, and found that the 2005 note was reconveyed to RB on August 11, 2005.  This allegation is in addition to the allegation that he believes RB refinanced the 2005 note in 2007 through American Pacific Mortgage, and the new lender was Countrywide Mortgage Company, who apparently never recorded the new deed of trust along with the notice of reconveyance of the 2005 instrument.  As to his claim under adverse possession, plaintiff appears to contend that his adverse possession of the property somehow extinguished defendant's deed of trust.

First, plaintiff's theories are flawed.  As plead, plaintiff's claim for adverse possession fails.  In order to state a claim for adverse possession, plaintiff must allege (1) possession by actual occupation under such circumstances as to constitute reasonable notice to the owner; (2) possession must be hostile to the owner's title; (3) the holder must claim the property as her own under either color of title or claim of right; (4) possession must be continuous and uninterrupted for five years; and (5) the holder must pay all of the taxes levied and assessed upon the property during the period.  Cal. Code Civ. Proc. §§ 322, 325.  As defendant argues, plaintiff must occupy the property not only under a claim of title but also exclusive of any other right.  Cal. Code Civ. Proc. §§ 322, 324.  Under plaintiff's own allegations, he claims he had a grant deed giving him an ownership interest in the property.  This alone defeats his claim for adverse possession.

/ / /

1    As for his claim of deeded ownership, plaintiff contends the 2005 deed of trust

2 defendant foreclosed upon had been earlier reconveyed. However, as the defendant contends,

3 the 2005 reconveyance plaintiff refers to related to a deed of trust dated November 16, 2004.[1]

4 Thus, the reconveyance did not extinguish defendant's lien, but rather the prior lien.

5    "California has adopted the 'title' theory in reference to deeds of trust, which is

6 that 'title to the property actually is conveyed to the trustee who retains such title until the debt is

7 satisfied or the property sold to enforce payment.'" Hohn v. Riverside County Flood Control and

8 Water Conservation District, 39 Cal.Rptr. 647, (Cal. App. 1964) (citations omitted). Therefore,

9 even if plaintiff obtained an ownership interest in the property, the deed of trust was not satisfied

10 and remained a lien on the property.

11    Further, plaintiff's allegations regarding a 2007 refinance with American Pacific

12 Mortgage and new loan with Countrywide are not plausible. Countrywide Mortgage was a

13 national mortgage lender. It is simply not plausible or believable that such an institution would

14 enter into financial concessions as proffered by the plaintiff and fail to document the transaction

15 and not record the deed of trust. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

16    c. Slander of Title

17    As to slander of title, plaintiff alleges that none of the entities involved in the

18 foreclosure notices acted with any authority as to any current Deed of Trust since 2012. The

19 basis of plaintiff's claim appears to be his theory that the 2005 Deed of Trust was refinanced and

20 the notice of reconveyance terminated any interest defendant had in the property. However, as

21 discussed above, the basis for that theory is incorrect. The 2005 reconveyance related to the prior

22 2004 Deed of Trust, not the 2005 Deed of Trust. When plaintiff accepted the grant deed from

23 RB, he did so subject to the 2005 Deed of Trust. The defendant and the trustee acted upon the

24

25    [1]    Plaintiff was provided an opportunity to provide to the court a copy of the
reconveyance of the 2005 note, but no such documentation was submitted to the court. It
therefore appears that plaintiff agrees with the court that the reconveyance provided reconveyed

26 the 2004 note not the 2005 note.

1  2005 Deed of Trust when pursuing the foreclosure.

2         To the extent plaintiff argues the act of recording the documents during the

3  foreclosure process disparaged his title, the undersigned agrees with defendants' contention that

4  the act of recording the documents related to a non-judicial foreclosure is a privileged action.

5  See Albertson v. Raboff, 46 Cal. 2d 375, 378-81, 295 P.2d 405 (1956).  To the extent plaintiff

6  alleges the defendants recorded false documents, he fails to allege the particulars as to which

7  documents were false, and how they were false.  As such, there is no basis for plaintiff's claim,

8  and the motion to dismiss should be granted.

9         d.      Unjust Enrichment

10        Here, plaintiff alleges the defendants were unjustly enriched due to his

11  maintenance and improvement to the subject property.  Defendant contends unjust enrichment is

12  not a separate cause of action, but is rather a remedy itself synonymous with restitution.  As such,

13  because none of plaintiff's claims are viable, he cannot maintain a claim for unjust enrichment.

14  The undersigned agrees unjust enrichment is not a separate claim.

15        e.      Wrongful Foreclosure

16        Plaintiff asserts two claims for wrongful foreclosure.  The first is based on the

17  statute of limitations argument; the second is based on 2005 reconveyance argument.  As

18  discussed above, neither of these arguments are viable.

19        f.  UCL Claim, California Business & Professions Code § 17200 et seq.

20        California Business & Professions Code § 17200 provides "unfair competition

21  shall mean and include any unlawful, unfair or fraudulent business act . . . . ."  Plaintiff alleges

22  the defendant "engaged in deceptive business practices with respect to the assignments of notes

23  and deeds of trust, foreclosure on the subject residential property and related matters . . . ."

24  Essentially, plaintiff argues that by foreclosing on the subject property, the defendants violation

25  the UCL because the reconveyance in 2005 terminated the lien and they had no right to

26  foreclose.  However, as discussed above, that argument fails.

1        To the extent plaintiff has any other basis for violation of the UCL, he fails to

2 plead the claim with sufficient particularity.  "A plaintiff alleging unfair business practices under

3 these statutes [UCL] must state with reasonable particularity the facts supporting the statutory

4 elements of the violation."  <u>Khoury v. Maly's of California, Inc.</u>, 17 Cal. Rptr. 2d 708, 712 (Cal.

5 Ct. Ap. 1993).

6       **IV.  CONCLUSION**

7        Plaintiff's allegations weave a fanciful tale of documents that were erroneously

8 recorded on one hand, and documents that were erroneously never reconveyed when satisfied on

9 the other.   Plaintiff's attorney was granted several months to provide a litigation guarantee, or

10 other documentation to support such claims.  No such documentation was forthcoming.

11 / / / /

12 / / / /

13 / / / /

14 / / / /

15 / / / /

16 / / / /

17 / / / /

18 / / / /

19 / / / /

20 / / / /

21 / / / /

22 / / / /

23 / / / /

24 / / / /

25 / / / /

26 / / / /

1    Based on the facts alleged, and the discussion above, plaintiff's complaint fails to

2    state a claim.

3    Based on the foregoing, the undersigned recommends that:

4    1.    Defendant's motion to dismiss (Doc. 19) be granted;

5    2.    Plaintiff's complaint be dismissed without leave to amend; and

6    3.    The Clerk of the Court be directed to enter judgment and close this case.

7

8    These findings and recommendations are submitted to the United States District

9    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

10   after being served with these findings and recommendations, any party may file written

11   objections with the court.  Responses to objections shall be filed within 14 days after service of

12   objections.  Failure to file objections within the specified time may waive the right to appeal.

13   See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14

15   DATED:  December 22, 2016

16

17   CRAIG M. KELLISON
     UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

12